UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| IN RE: BARBARA RUTH CRAM,<br><br>  Plaintiff | Case No. 2:15-cv-00540-RFB-CWH<br><br>**ORDER ADOPTING REPORT & RECOMMENDATION OF MAGISTRATE JUDGE CARL W. HOFFMAN** |

## I.   INTRODUCTION

Before the Court for consideration is the Report and Recommendation (ECF No. 58) of the Honorable Carl W. Hoffman, United States Magistrate Judge. The Report and Recommendation recommends granting Plaintiff Barbara Ruth Cram's Application to Proceed *In Forma Pauperis* (ECF No. 33) and dismissing her Complaint. For the reasons stated below the Court adopts Judge Hoffman's Report and Recommendation in full.

## II.   BACKGROUND

Prior to submitting an application to proceed *in forma pauperis* (ECF No. 33) on November 19, 2015, Plaintiff submitted numerous letters to the Court starting on April 20, 2015. ECF No. 1; See also ECF Nos. 2-27). Since submitting her *in forma pauperis* application, Plaintiff has filed numerous other motions and letters. See ECF Nos. 37, 38, 42, 45, 48, 50, 52, 54, 55, 56, 57, 63, 65, 67. On March 31, 2016, Judge Hoffman issued a Report and Recommendation. ECF No. 58.

### III.   LEGAL STANDARD

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). A party may file specific written objections to the findings and recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Local Rule IB 3-2(a). When written objections have been filed, the district court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Local Rule IB 3-2(b). Plaintiff filed an objection to the Report and Recommendation on April 7, 2016. ECF No. 60. However, the Court has reviewed the record in this case and concurs with the Magistrate Judge's recommendation(s).

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, file to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it contains "claims whose factual contentions are clearly baseless," such as "claims describing fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014) (quoting Iqbal, 556 U.S. at 678).

## IV. DISCUSSION

In her complaint, Plaintiff appears to allege that her newborn baby was murdered by way of beheading by a guard at the metropolitan county jail in Las Vegas. Compl. at 5. Plaintiff also alleges she was "was then raped 27 times. Each time I was stabbed and a baby pulled out by hands. This was 2013 and I cannot be kept to time. I am insane. I need to be paid now." Id.

Judge Hoffman in his Report and Recommendation recommends dismissing Plaintiff's claim as fantastic and delusional scenarios that do not state a claim upon which relief can be granted and recommends dismissal of the complaint with prejudice as amendment would be futile. R&R at 2.

In her objection, Plaintiff clarifies that two officers at the jail murdered 29 babies "of other peoples." Objection at 2. She then describes that she was forced to watch this and that two of the 29 were dead carcasses "stuffed up the anus of plaintiff while she was shot out and asleep." Id. Plaintiff then describes how she "has claimed Tab babies," which she describes as "reproductive tissue along the digestive tract that grow into babies when cared for by a Shoshone Indian." Id. at 2-3. Hundreds of these Tab babies, the Court understands, were the ones that were "removed from me and some of them eaten" by the corrections officials. Id. at 4.

Even liberally construing Plaintiff's complaint, the Court adopts the Report and Recommendation (ECF No. 58) dismissing Plaintiff's complaint with prejudice, as amendment would be futile. See Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) ("we have repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.") (internal quotations and citations omitted). The Court agrees that Plaintiff's allegations are fantastic and not based on plausible facts that do not state a claim upon which relief can be granted.

## V. CONCLUSION

**IT IS THEREFORE ORDERED** that the Report and Recommendation (ECF No. 58) is **ADOPTED in full**.

**IT IS FURTHER ORDERED** that all Plaintiff Barbara Cram's pending motions (ECF Nos. 37, 38, 45, 48, 50, 52, 54 – 57, 63, 65, 67) are denied as moot.

**IT IS FURTHER ORDERED** that Plaintiff Barbara Cram's Complaint be dismissed with prejudice and that the Clerk of Court shall serve this Order on the persons and respective addresses noted in the Report and Recommendation. The Clerk shall enter judgment accordingly and close the case.

**DATED** July 13, 2016.



RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE